Stuart M. Price, SBN 150439
L. Tegan Hurst, SBN 275830
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: 818.995.4540| Fax: 818.380.7626
tegan@pricelawgroup.com
stuart@pricelawgroup.com

*Attorney for Plaintiff*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | BK Case No.: 17-90400-D-13G |
| Jamelia Antoinette Robinson, | Adv. No.: |
| Debtor. | DC No.: PLG-1 |
| Jamelia Antoinette Robinson, | |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY AND FOR DAMAGES AND SANCTIONS** |
| v. | |
| Pacific Motors, | |
| Defendant. | |

　　Jamelia Antoinette Robinson ("Plaintiff" or "Debtor"), in the above-captioned Chapter 13 bankruptcy case, by and through undersigned counsel, requests that this Court find Pacific Motors AKA Pacific Motors Inorporated AKA Pacific Motors Incorporated ("Pacific" or "Defendant") in violation of the protection of the automatic stay imposed on creditors pursuant to 11 U.S.C. §362(a). In support thereof, the Debtor states as follows:

## JURISDICTION

1. Plaintiff is a resident of Stanislaus County, California.
2. Plaintiff filed for Chapter 13 bankruptcy relief on May 11, 2017 ("Petition Date").
3. Pacific Motors is a California Corporation doing business in Stanislaus County, California.
4. Pacific Motors is a creditor of Debtor.

1

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 7001.

6. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

## FACTUAL BACKGROUND

7. Debtor purchased and financed a 2008 Toyota Prius (the "Vehicle") with Defendant prior to her Petition Date.

8. The Vehicle was repossessed on or about May 10, 2017.

9. Debtor filed for Chapter 13 bankruptcy relief on May 11, 2017 ("Petition Date").

10. One of the Debtor's purposes for filing Chapter 13 bankruptcy when she did was to recover the Vehicle.

11. The Vehicle is necessary to the Debtor's employment and the health and welfare of her family.

12. The Vehicle is necessary for an effective Chapter 13 Plan.

13. Debtor listed Defendant as a secured creditor on Schedule D of the Chapter 13 petition.

14. An office staff member of counsel for Debtor contacted Pacific on the Petition Date to notify Pacific of the bankruptcy filing and request delivery of the vehicle.

15. A representative of Pacific rudely criticized counsel for the Debtor and the Debtor for filing bankruptcy. He said that he hoped counsel for the Debtor enjoyed making money filing bankruptcy for people who don't pay their debts. He stated that he hoped counsel for the Debtor was a good attorney because he was going to get his own attorney.

16. When asked about returning the vehicle as required by bankruptcy law, the representative for Pacific hung up on the office staff member of counsel for Debtor.

17. The office staff member of counsel for Debtor called back and the representative for Pacific again immediately hung up on him.

18. On May 15, 2017, the office staff member of counsel for the Debtor sent a certified letter to Pacific demanding return of the vehicle as required by bankruptcy law.

19. No response to the May 15, 2017 letter was received by counsel for the Debtor.

20. On May 24, 2017, the office staff member of counsel for Debtor again called Pacific to inquire about a response to the letter. The same representative for Pacific answered the phone who had also answered the phone on May 11, 2017.

21. The representative for Pacific refused to give his name. The representative for Pacific said that counsel for the Debtor would need to speak to the representative for Pacific's boss. He initially would not give the name of his boss. He finally stated his boss's name was Alan, but that Alan was not available.

22. On May 26, 2017, counsel for the Debtor sent another certified letter to Pacific demanding return of the vehicle as required by bankruptcy law. This letter gave a deadline of May 30, 2017. The letter stated that failure to deliver the vehicle would result in the filing of this adversary proceeding.

23. At approximately 10:48am on May 30, 2017, the office staff member of counsel for Debtor called Pacific to seek a response to the May 26, 2017 letter, but no one answered. He left a detailed voicemail explaining that the vehicle must be returned.

24. At approximately 2:30pm on May 30, 2017 the office staff member of counsel for Debtor again called Pacific to seek a response to the May 26, 2017 letter, but again no one answered. He again left a detailed voicemail explaining that the vehicle must be returned.

25. At approximately 3:25pm on May 30, 2017, Amanda called from Pacific to speak with counsel for the Debtor. Undersigned counsel, L. Tegan Hurst, took the call.

26. Amanda relayed to counsel for the Debtor the history of the loan going delinquent and attempted collection efforts by Pacific. Amanda stated that she didn't feel that Pacific should have to return the vehicle.

27. Counsel for the Debtor explained that bankruptcy law requires a secured creditor to deliver property of the bankruptcy estate to the Debtor.

28. Amanda stated that Pacific would not return the car.

29. Counsel for the Debtor informed Amanda that the next step would be the filing of this adversary proceeding and complaint seeking return of the vehicle, damages, and attorneys' fees.

30. Amanda stated that Pacific would defend itself in the adversary proceeding as it "didn't do anything wrong."

31. At approximately 1:00pm on May 31, 2017, Amanda from Pacific called counsel for the Debtor to inform her that the Debtor has texted Pacific asking for arrangements to get the car. Amanda stated that she did not respond to the Debtor.

32. At approximately 3:05pm on May 31, 2017, Amanda from Pacific again called counsel for the Debtor and stated that Pacific was in a "no fault zone" since they had repossessed the vehicle before the bankruptcy petition was filed. Amanda also stated that the automatic stay was not applicable to this situation. She stated that the filing of an adversary proceeding would be a waste of everyone's time and money. Finally, she stated that if the Debtor filed an adversary proceeding that Pacific would get its attorneys' fees.

33. Defendant's actions reflect intentional, unlawful, and malicious business practices.

34. The Debtor has suffered economic damages as a result of Defendants' conduct in willfully violating the automatic stay.

35. The Debtor is incurring legal fees and costs as a result of Defendants' conduct in willfully violating the automatic stay.

36. The Debtor has suffered significant emotional harm as a result of Defendants' conduct in willfully violating the automatic stay.

37. The distress suffered by the Debtor is distinct, and in addition to, the anxiety and pressures inherent in the bankruptcy process.

38. The harm caused to the Debtor is not fleeting or trivial.

39. The circumstances of the Defendants' violation of the automatic stay make it obvious that any reasonable person would suffer significant emotional harm.

40. It is apparent that the Defendants do not have adequate systems, procedures, policies, training, or controls in place to protect debtors from unlawful creditor actions during bankruptcy.

**Count I – Stay Violations**

41. The foregoing paragraphs are incorporated herein by reference.

42. 11 U.S.C. § 362 creates an automatic stay against "all entities" prohibiting "any act to collect" from the Debtor on claims that existed prior to the commencement of the case.

43. The Ninth Circuit Court of Appeals has held that entities have an "unambiguous" and "affirmative duty to comply with the stay." *Sternberg v. Johnston*, 595 F.3d 937, 940 (9th Cir. 2010).

44. The Ninth Circuit Court of Appeals has also held that "the knowing retention of estate property violates the automatic stay of § 362(a)(3)." *In re Del Mission, Ltd.*, 98 F.3d 1147, 1151 (9th Cir. 1996).

45. Defendants' conduct was knowing and intentional, which doesn't require that the entity had the intent to violate the automatic stay, but only the intent to commit the act which in fact violated the automatic stay. *Citizens Bank v. Strumpf*, 37 F.3d 155 (4th Cir.1994).

46. Defendants' conduct violated 11 U.S.C. § 362(a) after Defendant had actual knowledge of the Debtor's bankruptcy filing.

47. Actual and punitive damages should be awarded to Debtor pursuant to 11 U.S.C. § 362(k).

48. Under 11 U.S.C. § 362(k) courts should grant punitive damages "in appropriate circumstances," such as where a creditor shows reckless or callous disregard for the law or the rights of others. *In Re. Bloom*, 875 F.2d 224, 228 (9th Cir. 1989).

49. This court may also award damages as sanctions under its inherent civil contempt authority. *In re Dyer*, 322 F.3d 1178, 1189 (9th Cir. 2003).

**WHEREFORE**, Plaintiff requests a judgment finding the Defendants liable for violating the automatic stay and awarding Debtor compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362(k) or as sanctions for contempt of court.

### Count II – Attorney's Fees

50. The foregoing paragraphs are incorporated herein by reference.

51. Plaintiff is entitled to attorney's fees under 11 U.S.C. § 362(k).

52. Pursuant to the recent *en banc* opinion of the Ninth Circuit Court of Appeals in *America's Servicing Company v. Schwartz-Tallard*, 11 U.S.C. § 362(k) allows an "award of all attorney's fees reasonably incurred to remedy a stay violation, including fees incurred in prosecuting the damages action." 803 F.3d 1095 (9th Cir. 2015).

53. This court may also award fees as sanctions under its inherent civil contempt authority. *In re Dyer*, 322 F.3d 1178, 1189 (9th Cir. 2003).

**WHEREFORE**, Plaintiff requests an award of reasonable attorney's fees pursuant to 11 U.S.C. § 362(k) or as sanctions for contempt of court.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against the Defendants, as follows:

A. A judgement in favor of Plaintiff and against Defendant in an amount to be proven at trial for compensatory damages, including emotional distress damages;

B. A judgment assessing punitive damages in an amount to be determined at trial;

C. Sanctions against Defendant for contempt of court;

D. An award of reasonable attorney's fees and costs pursuant to 11 U.S.C. § 362(k); and

E. Granting any other and further relief as the Court deems just and proper.

DATED: June 1, 2017                                **PRICE LAW GROUP, APC**

*/s/ Stuart M. Price*
Stuart M. Price, SBN 150439
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: 818.995.4540
Fax: 818.380.7626
*Tegan@pricelaw Group.com*
*Attorney for Plaintiff*

*/s/ L. Tegan Hurst*
L. Tegan Hurst, SBN 275830
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: 818.995.4540
Fax: 818.380.7626
*Tegan@pricelaw Group.com*
*Attorney for Plaintiff*