1 | **Kathleen P. March** (Bar No. 80366)
2 | **THE BANKRUPTCY LAW FIRM, PC**
**10524 W. Pico Boulevard, Suite 212**
**Los Angeles, CA 90064**
3 | **Phone (310) 559-9224**
**Fax (310) 559-9133**
4 | **e-mail: kmarch@BKYLAWFIRM.com**
Attorneys for Defendant Pacific Motors, a CA Corp.
5 |
6 | **UNITED STATES BANKRUPTCY COURT**
7 | EASTERN DISTRICT OF CALIFORNIA (MODESTO)

8 | In re:  |  Chapter 13
Case No.17-90400      Adv. Proc No. 17-09005

9 | JAMELIA  |  **(1). NOTICE OF MOTION, AND MOTION OF**
10 | ANTOINETTE  |  **PACIFIC MOTORS, AND OF PACIFIC'S**
**COUNSEL OF RECORD, *THE BANKRUPTCY***
11 | ROBINSON  |  ***LAW FIRM, PC* ("*LAW FIRM*"), TO DISMISS**
**HEREIN ADVERSARY PROCEEDING, UNLESS**
12 |  |  **ROBINSON'S COUNSEL, NEELEY, HAS**
**REIMBURSED *LAW FIRM*, FOR THE 10**
13 |  |  **HOURS OF ATTORNEY TIME (4AM TO 2PM)**
14 | Debtor  |  **SPENT TRAVELING FROM LA TO**
**SACRAMENTO, AND BACK, PLUS $202 AIR**
15 | ─────────────  |  **FARE, PLUS $78.60 TAXIS, SPENT TO ATTEND**
16 | JAMELIA  |  **3/22/18 PRETRIAL CONFERENCE, IN PERSON,**
**AS REQUIRED, WHICH PLAINTIFF'S**
17 | ANTOINETTE  |  **COUNSEL NEELEY FAILED TO ATTEND IN**
**PERSON; (2) THIS PLEADING IS ALSO**
18 | ROBINSON  |  **PACIFIC'S, AND *LAW FIRM'S* RESPONSE, TO**
19 |          Plaintiff-  |  **NEELEY'S "*MOTION FOR CLARIFICATION*",**
          Debtor  |  **OF WHEN NEELEY HAS TO COMPLY WITH**
20 | versus  |  **THE COURT'S DIRECTION THAT NEELEY**
**REIMBURSE *LAW FIRM'S* WASTED TIME AND**
21 | PACIFIC MOTORS,  |  **COSTS CAUSED BY NEELEY'S FAILURE TO**
22 | A CA CORP.  |  **APPEAR IN PERSON AT 3/22/18 PRETRIAL;**
**MARCH DECLARATION W/EXHIBITS**
23 |          Defendant  |
24 |  |
25 |  |  This Motion to Dismiss is Set for hearing on:
Date: May 15, 2018
26 |  |  Time: 10:00am
Place: Modesto Division, 1200 I St, Suite 4, Modesto CA
27 |  |
28 |  |   [Defendant's counsel will appear by phone via Court
Call system]

1    1.  PLEASE TAKE NOTICE that at the date/time/location stated on page 1

2  hereof, that Pacific Motors, a CA Corp. ("Pacific"), and *The Bankruptcy Law Firm,*

3  *PC* ("*Law Firm*") will move the Bankruptcy Court **to dismiss the herein Robinson**

4  **v. Pacific Motors adversary proceeding**, unless before the hearing date, Kenneth

5  Neeley, Esq., has reimbursed *Law Firm* for attorney Kathleen P. March, Esq. of Law

6  Firm's wasted trip from LA to Sacramento and back, on 3/22/18, for the Pretrial

7  Conference in said adversary proceeding, which Neeley was required to attend, in

8  person, as plaintiff Robinson's counsel, but which Neeley failed to attend in person.

9    This Motion to Dismiss is based on the attached Memorandum of Points and

10  Authorities, and attached Declaration of Kathleen P. March, Esq., which attaches

11  Law Firm's itemized bill for time and costs emailed to Neeley on March on 3/22/18.

12    Any Response to herein *Motion to Dismiss Adversary Proceeding* is required

13  to be filed and served no less than 14 days before the 5/15/18 hearing date of this

14  Motion to Dismiss.

15    2.  This pleading is additionally the RESPONSE of Pacific and of *Law Firm*,

16  to  Neeley's *Motion for Clarification,* filed 3/23/18, and which improperly fails to

17  list or notice any hearing date for said *Motion for Clarification.*

18  Dated: March 27,  2018   THE BANKRUPTCY LAW FIRM, PC

19            /s/ Kathleen P. March

20            By Kathleen P. March, Esq., counsel for Pacific Motors,
            and for Law Firm, on the herein Motion/Response

21

22

23

24

25

26

27

28

1
2
3

**MEMORANDUM OF POINTS AND AUTHORITIES (1) IN SUPPORT OF HEREIN *MOTION TO DISMISS ADVERSARY PROCEEDING*, AND (2) IN RESPONSE TO NEELEY'S *MOTION TO CLARIFY***

4
5
6
7
8

**I.    THIS COURT SHOULD DISMISS THE ROBINSON V PACIFIC ALLEGED STAY VIOLATION ADVERSARY PROCEEDING, IF NEELEY HAS NOT REIMBURSED LAW FIRM FOR MARCH'S WASTED 3/22/18 TRIP FROM LA TO SACRAMENTO AND BACK, BEFORE THE 5/15/18 HEARING DATE OF THIS MOTION**

9
10
11
12
13
14
15
16
17
18
19
20
21

Showing up for Court is a basic duty of any lawyer.  So is reading the Court's rules.  Robinson attorney Kenneth Neeley, Esq. ("Neeley") failed to appear in person at the 3/22/18 pretrial conference in Robinson v. Pacific Motors alleged stay violation adversary proceeding, despite this Court's rules requiring in person appearance.  (March Decl).  Pacific's attorneys The Bankruptcy Law Firm, PC, by attorney Kathleen P. March appeared in Sacramento, in person, for the 3/22/18 pretrial conference, as required by the Court's rules requiring in person appearance.  (March Decl).  Because Neeley only phoned in, the Court refused to hold the pretrial conference, with the result that March's trip from LA to Sacramento and back, on 3/22/18 was wasted.  The Court ordered Neeley to reimburse March for her wasted time and costs incurred traveling from LA to Sacramento and back on 3/22/18, for a pretrial conference that could not be held, due to Neeley failing to appear in person, as required by this Court's rules. (March Decl).

22
23
24
25
26
27
28

As March told the court at the hearing, March left for the airport at 4:00am on 3/22/18, took a 5:30am flight to Sacramento, to be on time for the 9:30am pretrial conference.  (March Decl).  After Court, March had to return to Sacramento airport, fly back to LAX, and drive to her Law Firm.  (March Decl).  March did not arrive back at her office until 2:30pm.  Law Firm's contract with Pacific, bills at $400 per hour for March's time, including Law Firm charges clients for all travel time, and waiting time, in addition to preparation time, and actual court appearance time.

1  (March Decl), and Law Firm's clients are to pay amount above retainer within 5 days

2  of receipt of bill.(March Decl)  After subtracting ½ hour for lunch, March's time on

3  3/22/18 is 10 hours x $400 = $4,000.  In addition, Law Firm, paid $202 for March's

4  Southwest Airlines plane ticket round trip, and paid $78.60 total for taxis from

5  Sacramento airport to Court, and from Court back to Sacramento airport.  That is a

6  total bill of time and costs of **$4,280.60**.  (March Decl).  As March told the Court she

7  would do, she ran that bill (Law Firm does time and billing on Timeslips computer

8  program) when she got back to Law Firm, and emailed that bill to Neeley on

9  3/22/18.  March's bill emailed to Neeley on 3/22/18 is **Exhibit A** to March Decl.

10         Many judges would have dismissed the adversary proceeding on 3/22/18, for

11  Neeley's failure to appear in person, and the Court would have been within its rights

12  to do so, considering that Neeley is plaintiff Robinson's counsel.  (March Decl).

13  Robinson's remedy would have been against Neeley, for not appearing (March

14  Decl).  Instead, the Court took the much less onerous tack, of ordering Neeley to

15  reimubrse March's time and costs for the wasted 3/22/18 trip.  (March Decl).

16         Neeley (on the phone) said he did not object to that result.  (March Decl). He

17  should have been grateful the Court did not dismiss the adversary proceeding on

18  3/22/18.  (March Decl).

19         However, when March emailed her Law Firm's bill, for the **$4,280.60** wasted

20  time and costs, to Neeley, on 3/22/18, Neeley, the next day, 3/23/18 objected to

21  paying Law Firm, and then filed a *Motion to Clarify*, filed without any hearing date,

22  asking the Court to rule that Neeley did not have to reimburse Law Firm, now, for

23  March's wasted trip from LA to Sacramento and back, that Neeley could wait until

24  the end of the adversary proceeding (whenever that might be) to reimburse March's

25  Law Firm.

26  **II.    THIS PLEADING IS PACIFIC's, AND LAW FIRM'S, RESPONSE TO**

27  **NEELEY'S *MOTION TO CLARIFY***

28         In addition to Moving to Dismiss the Adversary proceeding, this pleading, is

1    Pacific's and Law Firm's RESPONSE to Neeley's *Motion to Clarify,* filed 3/23/18,

2    but filed without any hearing date.

3        First the Court should deny the *Motion to Clarify,* for being filed without a

4    hearing date, because no hearing date is contrary to the Court's rules for Motions.

5        Second, it is already unfair enough to Pacific and Law Firm, that March had to

6    get up at 3am on 3/22/18, leave for LAX airport at 4am, take a 5:30am flight to

7    Sacramento, to appear in person at the 3/22/18 at 9:30am pretrial conference in

8    Sacramento, only ot have that pretrial conference aborted by the Court, because

9    Neeley did not appear in person, **without delaying Neeley's reimbursing Law**

10   **Firm for March's wasted time and costs on 3/22/18**.  (March Decl).

11       Neither Pacific, nor Law Firm, is a lending organization.  (March Decl).

12   Neither Pacific, nor Law Firm, should have to carry Neeley's duty to reimburse Law

13   Firm, for months? Longer? Who knows? (March Decl).

14       Neeley's *Motion to Clarify* does not cite any authority that would justify

15   delaying Neeley's duty to reimburse Law Firm for March's wasted trip, that Neeley's

16   failure to appear caused.  (March Decl). Neeley's duty to reimburse Law Firm for the

17   **$4,280.60** of time and costs,  that Neeley's failure to appear for the 3/22/18 pretrial

18   conference caused to be wasted, should due to Law Firm  on the same time-table that

19   Pacific would owe Law Firm that payment on, which is  5 days after bill is sent.

20   (March Decl).  aw Firm emailed Neeley bill on 3/22/18.  (March Decl).

21       However, since the herein Motion to Dismiss is being set for hearing on

22   5/15/18, that will give Neeley until hearing time on 5/15/18 (over 1 and ½ months)

23   **to reimburse the $4,280.60 to Law Firm**.  If Neeley fails to reimburse the

24   $4,280.60 to Law Firm, before the 5/15/18 hearing, the Court should grant Pacific's

25   herein Motion to Dismiss the adversary proceeding.

26       The Court is apparently under the misapprehension that Pacific is a big,

27   profitable car dealership.  It is not.  It is a tiny car dealership in Modesto, selling a

28   few used cars.  Robinson, testified in deposition that Robinson makes $121,000 per

---

1  year.  (March Decl). Pacific's manager, Mr. Kumar, testified in deposition that he

2  makes $20,000 per year. (March Decl).  The party with the money here is Robinson,

3  not Pacific.  (March Decl). This adversary proceeding is making Pacific <u>unprofitable</u>,

4  and Pacific itself may file bankruptcy.  (March Decl).  Any large judgment against

5  Pacific would not just be contrary to Pacific's full affirmative defenses; it would

6  never be collectible.  (March Decl).

7       Despite her high income, Robinson  lied to get pacific to sell her the car on

8  monthly payments,  and then never made a payment, defaulting on paying  Pacific on

9  the $160 a month car payments. 3 weeks after she told Pacific her financial condition

10 was good, she was already working with a bankruptcy attorney to file bankruptcy, as

11 Robinson admitted in deposition.  (March Decl).  Then Robinson dumped the car in

12 a strip mall parking lot, never having paid a single monthly payment on it, as

13 Robinson admitted in deposition.  (March Decl).  That misconduct is equitable

14 estoppel, and unclean hands,  which is a complete defense

15 **<u>If the car had been parked at Robinson's residence, as Robinson's</u>**

16 **<u>contract with Pacific required Robinson to do, there would have been no</u>**

17 **<u>confusion over whether the car was abandoned in the strip mall parking lot.</u>**

18 (March Decl)

19    Robinson--who testified in deposition that she was parking the car in the strip

20 mall parking lot, at her attorney's suggestion, to make it harder for Pacific to find

21 and repossess the car--**<u>has unclean hands, which is a complete defense.</u>**  (March

22 Decl).

23      The automatic stay is supposed to be used as a shield, to protect debtors, NOT

24 as a sword, to be a profit center for Neeley, a contingent fee attorney who goes from

25 state to state, bringing alleged stay violation adversary proceedings, and tries to

26 prolong them, to run up his attorneys fees, when any reasonable attorney would

27 settle.  (March Decl).  The court should not find such attorneys fees to be reasonable

28 or necessary.  (March Decl).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.  CONCLUSION

The Court should dismiss this adversary proceeding, if Neeley has not reimbursed Law Firm the **$4,280.60**, by the time this Motion to dismiss is heard.

The Court should deny Neeley's *Motion for Clarification,* including because it was required to be set for hearing, but was not set for hearing.

Dated: March 27,  2018    THE BANKRUPTCY LAW FIRM, PC
                          /s/ Kathleen P. March
                          By Kathleen P. March, Esq., counsel for Pacific Motors,
                          and for Law Firm, on the herein Motion/Response

## **DECLARATION OF KATHLEEN P. MARCH, ESQ.**

I, KATHLEEN P. MARCH, declare:

1. I am an attorney admitted to practice law in California and New York. My California bar number is 80366. I am admitted to practice in the US District Court, and Bankruptcy Court, ED CA, among other Courts. I own and run The Bankruptcy Law Firm, PC ("Law Firm" hereinafter), which is counsel of record to Pacific Motors, a CA Corporation ("Pacific" hereinafter), in the herein Robinson v. Pacific Motors alleged stay violation adversary proceeding #17-09005.

2. Showing up for Court is a basic duty of any lawyer. So is reading the Court's rules. Robinson attorney Kenneth Neeley, Esq. ("Neeley") failed to appear in person at the 3/22/18 pretrial conference in Robinson v. Pacific Motors alleged stay violation adversary proceeding, despite this Court's rules requiring in person appearance.

3. My Law Firm, by me, as Pacific's attorneys of record, appeared in Sacramento, in person, for the 3/22/18 pretrial conference, as required by the Court's rules, which require in person appearance.

4. Because Neeley only phoned in, the Court refused to hold the pretrial conference, with the result that March's trip from LA to Sacramento and back, on 3/22/18 was wasted. The Court ordered Neeley to reimburse me (March) for my wasted time and costs incurred traveling from LA to Sacramento and back on 3/22/18, for a pretrial conference that could not be held, due to Neeley failing to appear in person, as required by this Court's rules.

5. As I told the court at the 3/22/18 hearing, I left home for the airport at 4:00am on 3/22/18, took a 5:30am flight to Sacramento, to be on time for the 9:30am pretrial conference. After Court, I had to return to Sacramento airport, fly back to LAX, and drive to Law Firm. I did not arrive back at my Law Firm until 2:30pm.

6. Law Firm's contract with Pacific, bills at $400 per hour for my time, including Law Firm charges clients for all travel time, and waiting time, in addition

to preparation time, and actual court appearance time. My firm's contract with Pacific requires Pacific to pay amounts billed above retainer, within 5 days after Law Firm emails its bills to Pacific.

7.  After subtracting ½ hour for lunch, my time on 3/22/18 is 10 hours x $400 = $4,000.  In addition, Law Firm, paid $202 for my Southwest Airlines plane ticket round trip, and paid $78.60 total for taxis from Sacramento airport to Court, and from Court back to Sacramento airport.  That is a total bill of time and costs of **$4,280.60**.  As I told the Court I would do, I ran that bill (Law Firm does time and billing on Timeslips computer program) when I got back to Law Firm, and emailed that bill to Neeley on 3/22/18.

8.  Law Firm's  bill emailed to Neeley on 3/22/18 is **Exhibit A** to this Declaration.

9.  Many judges would have dismissed the adversary proceeding on 3/22/18, for Neeley's failure to appear in person, and the Court would have been within its rights to do so, **considering that Neeley is plaintiff's counsel**.  Robinson's remedy would have been against Neeley, for not appearing.  Instead, the Court took the much less onerous tack, of ordering Neeley to reimubrse March's time and costs for the wasted 3/22/18 trip.

10.    Neeley (on the phone) said he did not object to reimbursing my Law Firm's time and costs.   Neeley should have been grateful the Court did not dismiss the adversary proceeding on 3/22/18.

11.    However, when I emailed Neeley my Law Firm's bill, for the wasted **$4,280.60** of time and costs, on 3/22/18, Neeley, the next day, filed a *Motion to Clarify*, saying he wanted to wait to reimburse Law Firm until the end of the adversary proceeding, whenever that might be.

12.  There is NO authority for allowing Neeley to wait until the end of the adversary proceeding to reimburse the **$4,280.60** of damage his failure to appear

---

caused. Pacific would have owed Law Firm the $4,280.60 withint 5 days after Law Firm emailed bill to Pacific. Neeley should be no different. However, because this Motion to Dismiss is not set for hearing until 5/15/18, that gives Neeley over 1 and ½ months to **reimburse the $4,280.60** to Law Firm.

If Neeley has failed to **reimburse the $4,280.60** to Law Firm, before the 5/15/18 hearing date of Pacific's herein Motion to Dismiss the adversary proceeding, the Court should grant the Motion to Dismiss.

13.     As regards Neeley's *Motion to Clarify,* the Court should deny it, for being filed without a hearing date, because having no hearing date is contrary to the ED CA Bankruptcy Court's rules for Motions.

14.     In addition, on the merits, it is already unfair enough to Pacific and Law Firm, that March had to get up at 3am on 3/22/18, leave for LAX airport at 4am, take a 5:30am flight to Sacramento, to appear in person at the 3/22/18 at 9:30am pretrial conference in Sacramento--only to have that pretrial conference aborted by the Court, because Neeley did not appear in person--**without delaying Neeley's reimbursing Law Firm for March's wasted time and costs on 3/22/18**. Neither Pacific, nor Law Firm, is a lending organization. Neither Pacific, nor Law Firm, should have to carry Neeley's duty to reimburse Law Firm, for months? Longer? Who knows?

15.  Neeley's *Motion to Clarify* does not cite any authority that would justify delaying Neeley's duty to reimburse Law Firm for March's wasted trip, that Neeley's failure to appear caused. (March Decl).

16.  Neeley's duty to reimburse Law Firm the 4,280.60 should be on the same time table as Pacific would owe Law Firm payment of that bill, ie 5 days after bill is emailed, **NOT at the end of the adversary proceeding (whenever that might be)**.

17.  The Court is apparently under the misapprehension that Pacific is a big, profitable car dealership. It is not. It is a tiny car dealership in Modesto, selling a

few used cars.  Robinson, testified in deposition that Robinson makes $121,000 per year.  Pacific's manager, Mr. Kumar, testified in deposition that he makes $20,000 per year. The party with the money here is Robinson, not Pacific.  I took Robinson's deposition, on 1/15/18, and I defended the depositions of Kumar and a second Pacific worker, Uribe, on that same date.

18.  This adversary proceeding is making Pacific unprofitable, and Pacific itself may file bankruptcy.  Any large judgment against Pacific would not just be contrary to the affirmative defenses; it would never be collectible.

19.  Despite her high income, Robinson  lied to get Pacific to sell her the car on monthly payments,  and then never made a payment, defaulting on paying  Pacific the $160 a month car payments. 3 weeks after she told Pacific her financial condition was good, Robinson was already working with a bankruptcy attorney to file bankruptcy, as Robinson admitted in deposition.  Then Robinson dumped the car in a strip mall parking lot, never having paid a single monthly payment on it, as Robinson admitted in deposition.  That misconduct is equitable estoppel, and unclean hands, which is a complete defense**.**

20.  **If the car had been parked at Robinson's residence, as Robinson's contract with Pacific required Robinson to do, there would have been no confusion over whether the car was abandoned in the strip mall parking lot.**  Robinson--who testified in deposition that she was parking the car in the strip mall parking lot, at her attorney's suggestion, to make it harder for Pacific to find and repossess the car--**has unclean hands, which is a complete defense.**

21.  The automatic stay is supposed to be used as a shield, to protect debtors, NOT as a sword, to be a profit center for Neeley, a contingent fee attorney who goes from state to state, bringing alleged stay violation adversary proceedings, and tries to prolong them, to run up his attorneys fees, when any reasonable attorney would settle.  The Court should not find such attorneys fees to be reasonable or necessary.

---

1    22.  The Court should dismiss this adversary proceeding, if Neeley has not

2    reimbursed Law Firm the **$4,280.60**, by the time this Motion to dismiss is heard.

3    The Court should deny Neeley's *Motion for Clarification.*

4    I declare under penalty of perjury, that the foregoing is true and correct, and

5    that this Declaration is executed at Los Angeles, California on March 27, 2018.

6                   /s/ Kathleen P. March

7                   KATHLEEN P. MARCH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Bankruptcy Law Firm, P.C.
10524 W. Pico Blvd, Suite 212
Los Angeles, CA 90064


Invoice submitted to:
Bill Robinson atty Kenneth Neeley, Esq.
for atty March time and costs for
trip to Sacremento for 3/22/18 pretrial
conference in Robinson v Pacific Motors
adv proc;  email bill to Neelely to,
kenn@neeleylaw.com


March 22, 2018

Invoice #2161


       Professional Services

|  |  | Hours | Amount |
|---|---|---|---|
| 3/22/2018 | leave home 4am to drive to LAX, to get through security and catch 5:30am plan to Sacramento; arrive a little after 7am; take taxi from Sacramento airport to Bky Ct in Sacramento; read Pacific and Robinson pretrial statements and write notes for what to argue; appear in person for Pacific Motors, at pretial, with Judge Bardwil; Neeley phones in, was supposed to appear in person; judge orders Neeley to pay my firm's time including travel time, and costs; Neeley says he does not oppose doing so; Judge continues pretrial to 5/31/18 at 9:30am, still in Sacramento: orders mediation; after court, take taxi back to airport, all planes to LAX delayed due to rain; manage to get on an earlier delayed flight to LAX, arrive LAX after 1pm, drive to office, arrive office 2:30pm, take out 1/2 hour for got coffee at starbucks in am; total time therefore 10 hours, not 10 and 1/2 hours at $400 hour rate stated in Pacific's contract with Bky LF | 10.00 | 4,000.00 |
|  | For professional services rendered | 10.00 | $4,000.00 |
|  | Additional Charges : |  |  |
| 3/22/2018 | airfare $202 (Southwest, round trip), $39.60 taxi  to town, $39.00 = $280.60 |  |  |
|  | Total additional charges |  | $280.60 |
|  | Total amount of this bill |  | $4,280.60 |
|  | Balance due |  | $4,280.60 |

EXHIBIT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled: (1). <u>NOTICE OF MOTION, AND MOTION</u> OF PACIFIC MOTORS, AND OF PACIFIC'S COUNSEL OF RECORD, *THE BANKRUPTCY LAW FIRM, PC* ("*LAW FIRM*"), TO <u>DISMISS HEREIN ADVERSARY PROCEEDING</u>, UNLESS ROBINSON'S COUNSEL, NEELEY, WITHIN 10 DAYS, REIMBURSES *LAW FIRM*, FOR THE 10 HOURS OF ATTORNEY TIME (4AM TO 2PM) SPENT TRAVELING FROM LA TO SACRAMENTO, AND BACK, PLUS $202 AIR FARE, PLUS $78.60 TAXIS, SPENT TO ATTEND 3/22/18 PRETRIAL CONFERENCE, IN PERSON, AS REQUIRED, WHICH PLAINTIFF'S COUNSEL NEELEY FAILED TO ATTEND IN PERSON; (2) <u>THIS PLEADING IS ALSO PACIFIC'S, AND *LAW FIRM'S* RESPONSE</u>, TO NEELEY'S "MOTION FOR CLARIFICATION", OF WHEN NEELEY HAS TO COMPLY WITH THE COURT'S DIRECTION THAT NEELEY REIMBURSE *LAW FIRM'S* WASTED TIME AND COSTS CAUSED BY NEELEY'S FAILURE TO APPEAR IN PERSON AT 3/22/18 PRETRIAL; MARCH DECLARATION W/EXHIBITS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **03/27/18** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Stuart M. Price, Price Law Group, APC Co-Counsel for Plaintiff: stuart@pricelawgroup.com
L. Tegan Hurst, Price Law Group, Co-Counsel for Plaintiff: tegan@pricelawgroup.com
Kenneth L. Neeley, Neeley Law Firm, PLC, Co-Counsel for Plaintiff: ecf@neeleylaw.com

☐  Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**
On **03/27/2018** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **03/27/18**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/27/18 | Kathleen P. March | /s/ Kathleen P. March |
|----------|-------------------|------------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**